UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:13-CV-00058-M

**WESTERN LAND COMPANY, LLC**                                         PLAINTIFF

V.

**SAMUEL AARON FRANCIS,**
**SAMUEL S. FRANCIS, and**
**WESTERN KENTUCKY ROYALTY TRUST**                                    DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Plaintiff's Motion for Preliminary Injunction [DN 11], in which the Plaintiff seeks an order enjoining the Defendants from proceeding with an arbitration. On July 15, 2013, the Court held a preliminary injunction hearing on this matter. On July 17, 2013, the Court issued an Order denying the motion [DN 28]. This Memorandum Opinion sets forth in more detail the Court's reasoning for its decision.

### I. BACKGROUND

On July 25, 2008, the parties entered into a Settlement Agreement [DN 14-2] which resolved certain disputes that had arisen between them. This Settlement Agreement required the Plaintiff ("Western Land") and Defendant Samuel Aaron Francis ("Aaron") to execute an Amended Hunting, Fishing and Recreation Lease [DN 11-3]. Pursuant to the Lease, Western Land leased to Aaron "an exclusive license to enter upon and control the Premises for the purpose of hunting, fishing, planting crops and other recreational purposes, including, without limitation, camping, boating, four-wheeling, and jet-skiing," subject to certain Western Land business operations. (Lease [DN 11-3] ¶ 1.) Section 5(c) of the Lease contains an arbitration provision. This provision states, in pertinent part, as follows:

> (c) <u>Arbitration</u>. Any disagreement between Lessor and Lessee arising hereunder shall be submitted to binding arbitration in accordance with the rules of the American Arbitration Association then in effect.

(<u>Id.</u> ¶ 5(c).)

On May 6, 2013, Aaron commenced an arbitration against Western Land, alleging that it violated the Lease "by assigning surface rights for the Leased Property to a Joint Venture formed by [Western Land] with a Peabody Energy subsidiary" which "is not listed in the Lease as an authorized assign." (Demand for Arbitration [DN 14-6].) Thereafter, on May 20, 2013, Western Land filed this action, seeking: a declaration that the arbitration provision is invalid and unenforceable; a declaration that the parties' dispute is outside the arbitration provision's scope; an injunction against the arbitration; and a declaration that Western Land's alleged conduct is not a breach of the Lease and, in any event, has not caused any damage to Aaron or other Defendants. (<u>See</u> Compl. [DN 1].) On June 24, 2013, Western Land filed a motion for a preliminary injunction, seeking an order enjoining the Defendants from proceeding with an arbitration. (<u>See</u> Mot. [DN 11].)

## II. DISCUSSION

The question before the Court is whether the Plaintiff has met its burden of showing the need for the "extraordinary remedy" of a preliminary injunction. <u>Tenn. Scrap Recyclers Ass'n v. Bredesen</u>, 556 F.3d 442, 447 (6th Cir. 2009). In determining whether to issue a preliminary injunction, courts consider four factors: (a) whether the movant has a strong likelihood of success on the merits; (b) whether the movant would suffer irreparable injury without the injunction; (c) whether issuance of the injunction would cause substantial harm to others; and (d) whether the public interest would be served by the issuance of the injunction. <u>Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.</u>, 511 F.3d 535, 542 (6th Cir. 2007). Generally, the "district court [is] to make specific

findings concerning each of these four factors, unless fewer are dispositive of the issue." See *In re* DeLorean Motor Co., 755 F.2d 1223, 1228 (6th Cir. 1985) (citation omitted).

In this case, the parties spend much time discussing whether Western Land has demonstrated a strong likelihood of success on the merits. As the Sixth Circuit has noted, "a finding that there is . . . no likelihood of success on the merits is usually fatal." Gonzales v. Nat'l Bd. of Med. Exam'rs, 225 F.3d 620, 625 (6th Cir. 2000). To demonstrate a strong likelihood of success here, Western Land must show that the parties' underlying dispute is not subject to the Lease's arbitration provision. But before determining whether the parties' underlying dispute is, or is not, arbitrable, the Court must first determine whether it may even address substantive arbitrability. See Turi v. Main St. Adoption Servs., LLP, 633 F.3d 496, 511 (6th Cir. 2011) (noting that "the question of whether a particular dispute is arbitrable is distinct from the issue of who should decide that question").

The Defendants argue that where, as here, the parties incorporate the American Arbitration Association ("AAA") rules into their arbitration clause, the question of arbitrability must be decided by the arbitrator. Western Land counters that the question of arbitrability must be determined by the Court regardless of the incorporation of the AAA rules, as the Defendants' claims are clearly outside the scope of the arbitration clause. For the following reasons, the Court agrees with the Defendants.

"Unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator." See AT&T Techs. Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 649 (1986). Multiple courts, including the Eastern and Western Districts of Kentucky, have held that where the parties agree to arbitrate according to the AAA rules, they provide a clear and unmistakable delegation of authority to the arbitrator to decide objections related to the scope or validity of the arbitration provision. See, e.g., Bowden v. Delta T.

3

Corp., 2006 WL 3412307, at *20 (E.D. Ky. Nov. 27, 2006) (noting that when parties contract to settle claims according to AAA rules, "they provide a 'clear and unmistakable' delegation of scope-determining authority to an arbitrator" (citation omitted)); Morsey Constructors, LLC v. Burns & Roe Enters., Inc., 2008 WL 3833588, at *4 (W.D. Ky. Aug. 13, 2008) (collecting cases which hold that incorporating the AAA rules delegates the authority to determine issues regarding validity and scope of the arbitration agreement to the arbitrator). These holdings are based on the fact that Rule R-7 of the AAA rules provides that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope or validity of the arbitration agreement." (Comm. Arbitration Rules & Mediation Procedures [DN 14-7].)

In this case, the arbitration provision at issue provides that the parties will submit "[a]ny disagreement between Lessor and Lessee arising hereunder . . . to binding arbitration in accordance with the rules of the American Arbitration Association then in effect." (Lease [11-3] ¶ 5(c).) The Defendants argue, and the Court agrees, that by specifically invoking the AAA rules, the parties have provided a clear and unmistakable delegation of authority to the arbitrator. As such, any questions concerning the arbitration provision's scope or validity must be left to the arbitrator. Western Land's motion for a preliminary injunction must be **DENIED**.

Western Land argues that Turi v. Main Street Adoption Services, LLP mandates a different conclusion. In that case, the Sixth Circuit held that there was no need for an arbitrator to decide the arbitrability of the plaintiffs' "non-fee" claims for RICO violations, civil conspiracy, and fraudulent misrepresentation because the claims were clearly outside the scope of the parties' narrow arbitration clause "regarding fees." 633 F.3d at 511. According to Western Land, there is similarly no need for an arbitrator to decide the arbitrability of the Defendants' claims here, as they are clearly

4

outside the scope of the arbitration clause. In support, Western Land contends that Section 5(c) is not a broad arbitration provision that requires the parties to arbitrate all their disputes under the Lease. Instead, it is a specific, limited provision which is restricted to "events of default" by Aaron, as defined in Section 5(a) of the Lease. In other words, Western Land argues that because the arbitration clause appears as a subsection in Section 5 of the Lease, which is limited to events of default by Aaron and Western Land remedies, Section 5(c) is likewise limited to requiring arbitration only as to those same events of default. (See Mem. in Supp. of Prelim. Injunction Mot. [DN 11-2] 7–10.)

The Court finds, however, that the Defendants' claims are not "clearly outside the scope of the arbitration clause." Instead, the claims are at least arguably subject to arbitration. The arbitration provision makes arbitrable "[a]ny disagreement between Lessor and Lessee arising hereunder." (Lease [11-3] ¶ 5(c).) The provision does not plainly state that arbitration is limited only to "'events of default' as defined by Section 5(a) of the Lease," or to disagreements which are related to defaults by Aaron. In Turi, the Court held that the parties' delegation to an arbitrator applies to "claims that are at least *arguably* covered by the agreement." 633 F.3d at 511 (emphasis in original). Since the Defendants' claims are at least arguably covered by the arbitration provision, questions on the scope of the arbitration provision or validity of the arbitration agreement must be left to the arbitrator.

"An order to arbitrate should not be denied 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" Id. at 509 (citing AT&T Techs. Inc., 475 U.S. at 650). Here, the Court cannot say with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the dispute. As such, an order to arbitrate should not be denied. Western Land's motion for a preliminary injunction must

5

be **DENIED**.

### III. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Plaintiffs' Motion for Preliminary Injunction [DN 11] is **DENIED**.

Joseph H. McKinley, Jr., Chief Judge
United States District Court

August 2, 2013

cc: counsel of record